IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02440-JLK-CBS

UNITED STATES OF AMERICA,
    Petitioner,
v.

MICHAEL N. BENNETT,
    Respondent.

**REPORT AND RECOMMENDATION REGARDING UNITED STATES'
MOTION TO ENFORCE FINAL JUDGMENT AND
ENFORCEMENT ORDER**

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Petitioner United States' Motion to Enforce Final Judgment and Enforcement Order (doc. # 12), filed on June 1, 2007. To date, Respondent Michael Bennett has not filed any responsive papers or briefs in opposition to the instant motion. By Memorandum, dated June 1, 2007, the instant motion was referred to this Magistrate Judge for findings of fact and a recommendation as to disposition. *See* 28 U.S.C. § 636(e)(6)(B)(iii) (in non-consent cases under § 636(a) or (b), "the magistrate judge shall forthwith certify the facts to a district judge").

**CERTIFICATION OF FACTS**

    The following material facts can be gleaned from the court record and are certified by the Magistrate Judge.

    1.    This action was initiated on December 5, 2006 with the filing of the United States' Petition to Enforce Internal Revenue Service Summons ("Petition") (doc. # 1). The Petition

1

alleged that the Internal Revenue Service (IRS) was conducting an investigation for the purpose of determining Respondent's tax liability for the years 2003, 2004 and 2005. On June 23, 2006, a Revenue Officer personally served Respondent by leaving an attested copy of the IRS summons at Mr. Bennett's place of abode, located at 606 South Cole Court, Lakewood, Colorado 80228. That summons required Respondent to appear before an IRS officer on July 18, 2006 to testify and produce records. Although Mr. Bennett appeared at the appointed time and place, he did not comply with the specific terms of the summons. *See* Declaration of Anna Edwards-Jones, attached as Exhibit 1 to the United States' Petition to Enforce Internal Revenue Summons. The Petition requested an order requiring Mr. Bennett to show cause why he should not be compelled to comply with the IRS summons.

2. On December 8, 2006, the District Court issued an Order to Show Cause (doc. # 4), requiring Respondent to show cause why he should not be compelled to obey the IRS summons served on June 23, 2006. In that same Order, Mr. Bennett was told to assert any defenses or motions in opposition in writing at least five days before the show cause hearing on January 17, 2007. An entry in the court docket indicates that on January 4, 2007, Mr. Bennett was personally served a copy of the District Court's Show Cause Order at his address at 606 South Cole Court, Lakewood, Colorado (doc. # 5).

3. On March 16, 2007, the District Court reset (doc. # 8) the show cause hearing for April 16, 2007. Respondent was personally served with a copy of that order on March 23, 2007 at the 606 South Cole Court address (doc. # 9).

4. Mr. Bennett failed to appear at the hearing on April 16, 2007. Accordingly, the District Court entered a Final Judgment and Enforcement Order (doc. # 10) on April 16, 2007.

The District Court found that the Internal Revenue Service had complied with all administrative steps required for issuing Mr. Bennett's summons and that Respondent had been personally served with the December 8th Order to Show Cause. The District Court further found that Mr. Bennett had received notice of the March 16th order resetting the show cause hearing. Based upon his failure to show sufficient cause why he should not be ordered to comply with the IRS summons, the District Court ordered Respondent to appear "to give testimony and to produce for examination and copying the records, documents and other data demanded by the Internal Revenue Service summons." Mr. Bennett was directed to appear at the designated Internal Revenue Service office on an agreed date and time, but not later than May 18, 2007. The court docket shows that on April 16, 2007, the Clerk's office mailed a copy of the Final Judgment and Enforcement Order to Respondent at the 606 South Cole Court address. There are no entries on the docket sheet to indicate this mailing was returned as undeliverable. On April 17, 2007, the IRS also mailed, via first-class pre-paid postage, a copy of the District Court's Final Judgment and Enforcement Order to Respondent's address at 606 South Cole Court, Lakewood, Colorado 80228. *See* Affidavit of Michael Miller (doc. # 16).

    5.    It appears that Respondent contacted Revenue Officer Anna Edwards-Jones by telephone on May 14, 2007 and said that he would be bringing the required information to her office that same afternoon. Mr. Bennett subsequently failed to appear at Ms. Edward-Jones' office on May 14th or any time thereafter.

    6.    On June 1, 2007, the United States filed the instant Motion to Enforce Final Judgment and Enforcement Order. The United States advised the District Court that Respondent had not complied with the Enforcement Order on or before May 18, 2007, and that Mr. Bennett's

non-compliance remained ongoing.  The United States requested that Respondent be found in contempt and that an appropriate coercive sanction be imposed, including confinement and/or a monetary penalty of not less than $100 per day for each day of non-compliance.

7.      On July 23, 2007, this court issued a Minute Order (doc. # 14) setting a hearing on Petitioner's Motion to Enforce Final Judgment and Enforcement of Order for August 8, 2007.  The court docket shows that a copy of this Minute Order was mailed to the Respondent at 606 South Cole Court, Lakewood, Colorado 80228.  There are no entries on the docket sheet that show this mailing was returned as undeliverable.  This court received no communication from Mr. Bennett prior to August 8, 2007, either asking to re-schedule the August 8th hearing or advising the court that he would not be appearing at that hearing.

8.      On August 8, 2007, I held a hearing on Petitioner's Motion to Enforce Final Judgment and Enforcement of Order.  Mr. Bennett failed to appear at that hearing.

## ANALYSIS

It is well-settled that "a district court has broad discretion in using its contempt power to require adherence to court orders."  *United States v. Riewe*, 676 F.2d 418, 420 (10th Cir. 1982).  Civil contempt has a remedial objective and seeks to compel future compliance with a court order.  *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827-28 (1994).  To hold someone in civil contempt, the court must find, by clear and convincing evidence, that (1) a valid court order existed; (2) the contemnor had knowledge of that order; and (3) the contemnor disobeyed the order.  *Federal Trade Commission v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004), *appeal after remand*, 466 F.3d 1149 (10th Cir. 2006).  Once the moving party establishes a *prima facie* case, the alleged contemnor must produce evidence explaining his

noncompliance. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998).

In this case, I find that the United States has established by clear and convincing evidence that Respondent is in violation of the District Court's Final Judgment and Enforcement Order. Pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), the District Court has the authority to issue orders compelling compliance with a summons issued by the IRS. The District Court issued Mr. Bennett just such an order on April 16, 2007. That Enforcement Order set forth in specific and unequivocal terms Respondent's obligation to appear at the designated Internal Revenue Service office "to give testimony and to produce for examination and copying the records, documents and other data demanded" by the IRS summons. The validity of that Enforcement Order is presumed and the Respondent cannot challenge that order for the first time in a contempt proceeding. *United States v. Smith*, 57 F.3d 1081 (Table) (10th Cir. 1995). *See also United States v. Rylander*, 460 U.S. 752, 757 (1983) (while a defendant in a proceeding to enforce an IRS summons may contest the summons "on any appropriate ground," defenses may not be raised for the first time in a contempt proceeding); *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948) ("it would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy").

Respondent clearly received proper notice of the District Court's December 8th Order to Show Cause, as well as the subsequent order re-setting the show cause hearing for April 16, 2007. Copies of these orders were personally delivered or mailed to Mr. Bennett's 606 South Cole Court, Lakewood address. *See* Fed.R.Civ.P. 5(b) (service may be made by mailing a copy to the last known address of the person served and service by mail is complete on mailing). I

5

further find that Respondent received proper notice of the District Court's Final Judgment and Enforcement Order, which put Mr. Bennett on notice of the method by which he could purge himself of contempt. *See United States v. Berg*, 20 F.3d 304, 309 (7th Cir. 1994) (a party cannot be found in contempt unless afforded notice and an opportunity to be heard). *See also Colorado Mountain Express, Inc. v. Aspen Limousine Service, Inc.*, 198 B.R. 341, 350 (D. Colo. 1996) ("[g]enerally, civil contempt sanctions may be imposed pursuant to the minimal procedures of notice and an opportunity to be heard"). Finally, Respondent was served by mail with this court's Minute Order setting the hearing on August 8, 2007. *See Autotech Technologies LP v. Integral Research & Development Corp.*, __ F.3d __, 2007 WL 2429480, *8 (7th Cir. 2007) (acknowledging that in civil contempt proceedings, service should conform to the requirements of Fed.R.Civ.P. 5(b) since a civil contempt proceeding is an extension of the original action).

While the Due Process Clause requires that a contemnor be given reasonable notice and an opportunity to be heard, *Kuykendall*, 371 F.3d at 755, a full evidentiary hearing is not required in every case where civil contempt is sought. The court is not required to conduct an evidentiary hearing where there are no genuine issues of material fact, the accused party had ample notice and opportunity to respond, and the parties did not request a hearing. *Hart's Rocky Mountain Retreat, Inc. v. Gayhart*, 2007 WL 2491856 (D. Colo. 2007) (citing *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999)). *See also United States v. McVeigh*, 896 F. Supp. 1549, 1555 (W.D. Okl. 1995) and cases cited therein. I have not been presented with any disputes of material fact. Respondent neither requested an evidentiary hearing nor appeared at the hearing this court set on its own initiative. Under the particular circumstances of this case, I find that the requirements of due process have been satisfied.

Government counsel advised the court during the August 8th hearing that Respondent recently filed tax returns for 2004 and 2005, but that Mr. Bennett has failed to produce requested information as to calendar year 2003. The court recognizes that diligent efforts resulting in substantial compliance with an underlying order can avert a finding of contempt. *AccuSoft Corp. v. Palo*, 237 F.3d 31, 47 (1st Cir. 2001). *See also Universal Motor Oils Co., Inc. v. Amoco Oil Co.*, 743 F. Supp. 1484, 1487 (D. Kan. 1990) (substantial compliance may constitute a defense to civil contempt; technical or inadvertent violations will not support a finding of civil contempt if the violating party has taken "all reasonable steps" to comply with the order). The District Court's Enforcement Order required Mr. Bennett to physically appear at the designated IRS office on or before May 18, 2007 "to give testimony and to produce for examination and copying the records, documents and other data demanded by the Internal Revenue Service summons." Respondent's belated tax filings for 2004 and 2005 do not constitute substantial compliance with the specific requirements set forth in the Enforcement Order.

Having found that Mr. Bennett had knowledge of and disobeyed the District Court's Enforcement Order, this court must consider an appropriate sanction. In a case of civil contempt, "the court must consider 'the character and magnitude of the harm threatened by the continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947)). The sanctions imposed by the District Court in cases of civil contempt can range from a coercive daily fine, a compensatory fine, attorneys' fees and costs, or coercive incarceration, but should not be any greater or more onerous than necessary to achieve compliance. *United States v. Chastain*,

2007 WL 737511, *2 (M.D. Ga. 2007) (quoting *Mercer v. Mitchell*, 908 F.2d 763, 766 (11th Cir. 1990)). Where the moving party is requesting a fine for compensatory purposes, the amount of that compensatory fine must be based upon evidence of actual loss sustained by the contumacy. *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d at 1211. Similarly, the court must have some factual basis for determining the reasonableness of fees and costs requested for compensatory purposes. *Allied Materials Corp. v. Superior Products Co., Inc.*, 620 F.2d 224, 227 (10th Cir. 1980).

## RECOMMENDATION

In view of the facts certified above, IT IS RECOMMENDED that:

1. Petitioner United States' Motion to Enforce Final Judgment and Enforcement Order (doc. # 12), filed on June 1, 2007, be granted and that Respondent Michael N. Bennett be found in civil contempt of the District Court's April 16, 2007 Final Judgment and Enforcement Order (doc. # 10);

2. Respondent Bennett be fined $100.00 per day for up to twenty-one (21) days from the entry of the District Court's order with respect to this Report and Recommendation until he fully complies with the requirements of the Enforcement Order by personally appearing at the Internal Revenue Service office at 56 Inverness Drive East, Englewood, Colorado 80112-5114 to give testimony and to produce for examination and copying the records, documents and other data demanded by the Internal Revenue Service summons;

3. If, at the end of that twenty-one day period Respondent has failed to comply, upon certification of that failure by Petitioner, Respondent be incarcerated until such time as he fully and completely complies with the terms and conditions of the Internal Revenue Service summons;

and

       4.     Petitioner receive its fees and costs incurred in making the instant motion.

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to Respondent Bennett at 606 South Cole Court, Lakewood, Colorado 80228. A copy of this Report and Recommendation should also be personally served upon Respondent by an official of the Internal Revenue Service.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may

bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 14th day of September, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge